**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

ODESSA COLLINS,

Plaintiff,

-against-

NYU LANGONE ORTHOPEDIC HOSPITAL,

Defendant.

-----------------------------------------------------------------X

**Case No.: 1:25-cv-09324-LJL**

**ELECTRONIC DISCOVERY PROTOCOL**

**STIPULATED PROTOCOL GOVERNING PRODUCTION OF HARD COPY DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

Plaintiff, Odessa Collins, and Defendant NYU Langone Orthopedic Hospital (collectively, the "Parties") hereby agree to the following protocol ("ESI and Discovery Protocol") for the production of reasonably accessible electronically stored information ("ESI") in the Parties' respective possession, custody or control. Nothing in the protocol shall limit a Party's right to seek or object to discovery as set out in applicable rules or object to the authenticity, relevancy, or admissibility of any ESI produced in accordance with this protocol.

1. This Stipulation supplements the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and other rules of this Court, and is intended to streamline the production of ESI, in a manner that is in compliance with the Court mandated deadlines. Should a party require an enlargement of time to respond to fact discovery, that party shall address it with the Court directly.

2. The parties shall cooperate in good faith to address ESI issues in this litigation. Cooperation does not require agreement to overbroad, technically defective, or disproportionate discovery requests, or to iterative ESI processes inconsistent with the Court's scheduling orders.

3. Absent agreement of the parties or further Order of the Court, the following additional parameters shall apply to ESI production:

a. **Production**. All documents shall be produced in PDF or other format, including native files, including:

i. Emails and other ESI.

ii. Documents or records that were originally generated in hard-copy format.

b. **Native Format and Metadata**. Native files, along with corresponding metadata, must be preserved. A party that receives a document or other produced ESI, with good cause, make a reasonable request to receive the ESI in its native format and/or for metadata. Any such request must be narrowly tailored to specific documents and shall not delay completion of document discovery. If the requesting party has demonstrated good cause and the request is reasonable, the producing party will produce the ESI in its native format to the extent such native format exists and/or corresponding metadata to the extent such metadata exists. No party may request or seek to compel the production of ESI in native format on a wholesale basis.

c. **Confidentiality Designation**. Responsive documents will be stamped with the appropriate confidentiality designations in accordance with the Protective Order that will be entered in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the file name of the native file.

d. **Limits on ESI Searches**. Absent further order of the Court, the Parties agree to conduct an initial good-faith ESI search based on the set of agreed custodians and search terms, identified in Appendix A, applied to reasonably accessible sources. The parties may subsequently agree to engage in iterative or rolling expansion of search terms or custodians.

4. **Non-Waiver Provision**. Production of all hard copy documents and ESI in this case, whether inadvertent or otherwise, shall be without prejudice to and shall not waive, for purposes of this case or otherwise, any attorney-client privilege or work product protection that otherwise would apply. This non-waiver provision should be interpreted to provide the broadest privilege protection allowable under Federal Rule of Evidence 502(d) or its State law equivalent and any applicable case law. Any analysis of whether a disclosure of privileged material was inadvertent, whether the holder of the privilege took reasonable steps to prevent disclosure, and whether the holder of the privilege promptly took reasonable steps to rectify the error under Federal Rule of Evidence 502(b) or its State law equivalent shall not apply and is irrelevant in this case. Nothing contained herein is intended to, or shall serve, to limit any Party's right to conduct a review of documents, ESI or other information for relevance, responsiveness and/or identification of privileged documents before production of such documents, ESI or other information to any Receiving Party.

5. **Privilege Log**. To the extent any document or ESI is withheld on the basis of attorney-client privilege, work-product protection, or any other applicable privilege, the withholding Party shall produce a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5) and the Local Civil Rules of the Southern District of New York, unless the Parties agree

in writing to any categorical logging or other reasonable modification. Privilege logs shall be produced after substantial completion of document production and shall not delay completion of document discovery. Nothing herein shall require a Party to log privileged communications occurring after the commencement of this litigation or communications exclusively between outside counsel and the client concerning this action.

6. **Color Documents**. If the receiving Party believes that a document is not legible or where the absence of color materially affects the document, the receiving Party may request that the document be produced in color, and the Parties shall meet and confer as to the possibility of rendering the document in color format.

7. **Reservation of Rights**. Nothing contained herein is intended to create a precedent for, or to constitute a waiver or relinquishment of, any Party's objections or arguments pertaining to any potential future ESI production(s). Nothing contained herein constitutes a waiver of any Party's rights or obligations under any law, including but not limited to laws regarding any matter or information that is or may be claimed to be privileged, confidential, proprietary, or otherwise personal or private. Nothing in this Stipulation reopens discovery deadlines or authorizes discovery beyond the scope or timing ordered by the Court.

8. **Modification**. Any agreement between the Parties to depart from the requirements of this Protocol shall be memorialized in writing, including by email between counsel.

9. **Procedure for Amending or Obtaining Relief from the ESI Production Protocol**:

a. Amendment: The Parties may, by mutual agreement, develop and employ production protocols which vary from those set forth above.

b. Disputes: If the Parties are unable to agree; need further clarification on any issue relating to the preservation, collection, or production of electronically stored information; or require modification of this ESI and Discovery Protocol, any Party may seek appropriate relief from the Court.

10. **Claw Back Agreement**: The Parties agree that the inadvertent production of any ESI containing information protected by a privilege, including the attorney-client and/or work product privilege, shall not be deemed a waiver of any such privilege. The Parties agree that, in the event he, she or it receives written notification from the other Party, or has reason to believe, that privileged material was inadvertently produced, he, she or it shall immediately: (i) destroy or return all copies of the inadvertently produced privileged material; and (ii) provide written confirmation to the producing Party that it has complied with the terms of this paragraph.

**SO STIPULATED AND AGREED.**

PHILLIPS & ASSOCIATES, PLLC

Morgan Mickelsen
45 Broadway, 28th Floor
New York, New York 10006
(212) 248-7431
mmickelsen@tpglaws.com

*Attorneys for Plaintiff*

GARFUNKEL WILD P.C.

Lauren Levine
900 Stewart Avenue, 4th Floor,
Garden City, NY 11530
516.393.2512
llevine@garfunkelwild.com

*Attorneys for Defendant*

**SO ORDERED.**

Dated: November 18, 2026
New York, New York

HON. LEWIS J.LIMAN
United States District Judge



4904-3930-8498v.1

# APPENDIX A

**Custodians & Search Timeframes**:

- Steven West (Jan 1, 2022-present)
- Timothy Harper (Jan 1, 2020-present)
- Nakia Chambers (Jan 1, 2022-present)
- Beth Cooper (Jan 1, 2022-present)
- Austin Bender (January 1, 2020-present)
- Jose Labarca (Jan 1, 2022-present)
- Odessa Collins (January 1, 2020-present)
- Denise Kelly (Jan 1, 2022-present)
- Jameala Thomas (Jan 1, 2022-present)

**Search Terms**:

The following searches shall be run against the reasonably accessible ESI of each identified custodian:

- (Christian OR Lai) AND (Odessa OR Collins) AND complaint
- (Christian OR Lai) AND (Odessa OR Collins) AND investigation
- (Christian OR Lai) AND (Odessa OR Collins) AND (harassment OR harassed OR harassing OR discriminate OR discrimination OR discriminated)
- (Christian OR Lai) AND (Odessa OR Collins) AND (gay OR lesbian OR LGBTQ OR LGBT OR "sexual orientation")
- (Myles OR Hudson) AND (Odessa OR Collins) AND complaint
- (Myles OR Hudson) AND (Odessa OR Collins) AND investigation
- (Myles OR Hudson) AND (Odessa OR Collins) AND (harassment OR harassed OR harassing OR discriminate OR discrimination OR discriminated)
- (Myles OR Hudson) AND (Odessa OR Collins) AND (gay OR lesbian OR LGBTQ OR LGBT OR "sexual orientation")
- (Dwight OR Seymour) AND (Odessa OR Collins) AND complaint
- (Dwight OR Seymour) AND (Odessa OR Collins) AND investigation
- (Dwight OR Seymour) AND (Odessa OR Collins) AND (harassment OR harassed OR harassing OR discriminate OR discrimination OR discriminated)
- (Dwight OR Seymour) AND (Odessa OR Collins) AND (gay OR lesbian OR LGBTQ OR LGBT OR "sexual orientation")
- (Sonia OR DeFreitas) AND (Odessa OR Collins) AND complaint
- (Sonia OR DeFreitas) AND (Odessa OR Collins) AND investigation
- (Sonia OR DeFreitas) AND (Odessa OR Collins) AND (harassment OR harassed OR harassing OR discriminate OR discrimination OR discriminated)

- (Sonia OR DeFreitas) AND (Odessa OR Collins) AND (gay OR lesbian OR LGBTQ OR LGBT OR "sexual orientation")
- (Kwame OR Kyle) AND (Odessa OR Collins) AND complaint
- (Kwame OR Kyle) AND (Odessa OR Collins) AND investigation
- (Kwame OR Kyle) AND (Odessa OR Collins) AND (harassment OR harassed OR harassing OR discriminate OR discrimination OR discriminated)
- (Kwame OR Kyle) AND (Odessa OR Collins) AND (gay OR lesbian OR LGBTQ OR LGBT OR "sexual orientation" OR dick OR breasts)
- (Odessa OR Collins) AND complaint
- (Odessa OR Collins) AND investigation
- (Odessa OR Collins) AND discrimination
- (Odessa OR Collins) AND ("sexual orientation" OR LGBTQ OR LGBT)
- (Odessa OR Collins) AND ("gender discrimination" OR "sexual orientation discrimination")
- (Odessa OR Collins) AND ("workers' compensation" OR "workers compensation" OR workers' comp OR workers comp)
- (Odessa OR Collins) AND ("back injury" OR injured OR injury OR "back pain" OR "injured back")
- (Odessa OR Collins) AND (injury OR injured) AND (work OR workplace OR workers)
- (Odessa OR Collins) AND ("linen bin" OR "linen cart" OR linen)
- (Odessa OR Collins) AND (linen) AND (incident OR complaint OR complained OR harassment)
- (Odessa OR Collins) AND (promotion OR promote OR promoted OR promotional)
- (Odessa OR Collins) AND (promotion OR promote OR promoted) AND (complaint OR discrimination OR retaliation)
- (Odessa OR Collins) AND (vendetta OR retaliation OR retaliate OR retaliatory)
- (Odessa OR Collins) AND (gay OR pride OR LGBTQ OR LGBT OR lesbian)
- (Odessa OR Collins) AND (gay OR pride OR LGBTQ OR LGBT OR lesbian) AND (mask OR masks)
- (Odessa OR Collins) AND (comment OR comments OR remark OR remarks) AND (gay OR lesbian OR LGBTQ OR LGBT OR "sexual orientation")
- (Odessa OR Collins) AND (harassment OR harassed OR harassing OR "sexual harassment")
- dyke
- "poom poom"
- "gay card"
- "gay bashing"